JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE #: CDC F-36382 | CASE NUMBER |
|---|---|
| Sharrod Moten | 2:24-cv-11252-DOC-SP |
| **PLAINTIFF(S)** v. | |
| L.A. District Attorneys Office et al | **ORDER ON REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES (PRISONER NON-HABEAS CASE)** |
| **DEFENDANT(S)** | |

The Court has reviewed the Request to Proceed Without Prepayment of Filing Fees (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that Plaintiff:

☒ is not able to prepay the full filing fee.   ☐ is able to prepay the full filing fee.

☐ has not submitted enough information for the Court to tell if Plaintiff is able to prepay the full filing fee. This is what is missing:
　☐ a certified copy of a trust fund statement for the last six months.

☐ [blank box]

**IT IS THEREFORE ORDERED** that:

☐ The Request is **GRANTED**. **Plaintiff now owes the Court the total filing fee of $350.00.** An initial partial filing fee of $_____ is due immediately; this case may be dismissed if that amount is not received by the Court within 30 days. Thereafter, monthly payments must be forwarded to the Court as provided in 28 U.S.C. § 1915(b)(2).

☐ Ruling on the Request is **POSTPONED** for 30 days so that Plaintiff has the opportunity to provide:
　☐ the missing information identified above.
　☐ authorization to disburse funds from the prison trust account.
If Plaintiff does not provide the information or authorization within 30 days, this case may be DISMISSED without prejudice.

☒ The Request is **DENIED** because:
　☐ Plaintiff has the ability to prepay the full filing fee.
　☒ As explained in the attached statement:
　　☒ Plaintiff has three prior "strikes" but has not plausibly alleged that Plaintiff is in imminent danger of serious physical injury fairly traceable to unlawful conduct alleged in the complaint and redressable by the Court.
　　☐ The District Court lacks subject matter jurisdiction.
　　☐ The action is frivolous or malicious.
　　☒ The action fails to state a claim upon which relief may be granted.
　　☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, Plaintiff must do the following:

[blank box]

If Plaintiff does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

| June 10, 2025 | *David O. Carter* |
|---|---|
| Date | United States District Judge |

28 U.S.C. § 1915(g) states that "[i]n no event shall a prisoner bring a civil action" proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury." The Court may make this three-strikes inquiry sua sponte, so long as it specifically identifies the cases constituting the strikes. Ray v. Lara, 31 F.4th 692, 697 (9th Cir. 2022).

This Court and the Eastern District of California have determined that Plaintiff has at least the following strikes under 28 U.S.C. § 1915(g):

  1. Moten v. L.A. District Attorneys Office et al, No. 25-1179-DOC-SP (C.D. Cal. Feb. 28, 2025) (dismissed for failure to state a claim)

  2. Moten v. David O. Carter et al, No. 25-1437 (C.D. Cal. Feb 25, 2025) (dismissed for frivolity)

3. Moten v. Superior Court of California, County of Los Angeles et al, No. 24-9880 (C.D. Cal. Dec. 17, 2024) (dismissed for failure to state a claim)

The accumulation of three strikes is not necessarily fatal to the ability to proceed in forma pauperis. Section 1915(g) permits an action to proceed as such if the "prisoner is under imminent danger of serious physical injury." Whether a prisoner is under imminent danger depends on "the circumstances at the time of the filing of the complaint." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Moreover, the exception "requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." Ray, 31 F.4th at 700.

Here, the Complaint does not allege an imminent danger of serious physical injury with a nexus to the alleged violations of law at the time of filing. The Complaint alleges that the L.A. District Attorney's Office and Teresa P Mango violated his constitutional rights and conspired to do so. These are past harms and, to the extent they are ongoing, do not show an imminent danger of serious physical injury.

Because Plaintiff has accrued three strikes and not alleged an imminent danger of serious physical injury he cannot proceed in forma pauperis and must pay the filing fee within thirty days of this order. Failure to do so will result in the dismissal of this action without prejudice.

*(attach additional pages if necessary)*